[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 268.]

CLEVELAND BAR ASSOCIATION *v.* STERLING.

[Cite as *Cleveland Bar Assn. v. Sterling*, 1998-Ohio-302.]

*Attorneys at law—Misconduct—Indefinite suspension—Forging client's signature on an affidavit and notarizing it—Handling a legal matter that attorney knows or should have known he is not competent to handle—Neglect of an entrusted legal matter—Failing to carry out contract of employment—Prejudicing or damaging client during course of professional relationship—Handling a legal matter without adequate preparation—Practicing law in a jurisdiction where to do so would violate the regulations of the profession in that jurisdiction—Practicing law while under suspension.*

(No. 98-1709—Submitted September 29, 1998—Decided December 30, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-59.

_____

**{¶ 1}** In November 1975, respondent, Howard Thomas Sterling of University Heights, Ohio, Attorney Registration No. 0034274, was admitted to the practice of law in Ohio. In March 1994, we suspended respondent from the practice of law for two years because he had violated several provisions of the Code of Professional Responsibility. *Cleveland Bar Assn. v. Sterling* (1994), 68 Ohio St.3d 528, 629 N.E.2d 400. We stayed the final eighteen months of the suspension, with respondent to be placed on monitored probation under certain conditions. We also suspended respondent from the practice of law and imposed sanctions upon him in May 1994 for his noncompliance with the continuing legal education requirements of Gov.Bar R. X. 69 Ohio St.3d 1457, 634 N.E.2d 219.

**{¶ 2}** In June 1997, relator, Cleveland Bar Association, filed a three-count complaint charging respondent with violating various Disciplinary Rules and one of the Rules for the Government of the Bar. After respondent filed an answer

admitting most of the complaint's factual allegations, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter.

{¶ 3} The panel found that respondent represented Olga Bryant, the plaintiff in an employment discrimination case in a federal district court in Pennsylvania. In opposing a dismissal motion, respondent filed a brief and an affidavit, which purported to be signed by Bryant. At the hearing on the dismissal motion, respondent admitted that, although certain of the statements in the affidavit were not true, he forged his client's signature on the affidavit and then notarized it. According to respondent, because he had to file the brief and affidavit in a short period of time, he drafted the affidavit based on his notes from conversations with Bryant, and he did not intend to defraud either the court or his client by filing the affidavit.

{¶ 4} The panel concluded that respondent's conduct in the employment discrimination case violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), and 1-102(A)(6) (engaging in any other conduct adversely reflecting on his fitness to practice law).

{¶ 5} The panel further found that in December 1987, Charlotte Whiting hired respondent under a contingent-fee agreement to prosecute a wrongful death action on behalf of the estate of her mother and paid him $450 to cover deposition costs. After several months passed without being advised of the status of her case, Whiting repeatedly telephoned respondent's office, but she received no reply. Whiting eventually was able to speak with respondent only when she posed as a new client. During that conversation, respondent assured her that he had filed a complaint in her case in both Erie and Crawford Counties in Pennsylvania. Whiting then contacted the clerk's offices in those counties and was advised that no such

complaint had been filed. After several more unsuccessful attempts by Whiting to contact respondent, respondent then advised her that he would file the complaint.

{¶ 6} In June 1989, respondent filed the complaint for Whiting in Erie and Crawford Counties in Pennsylvania, but never perfected service of the complaint, as required under Pennsylvania procedural rules. Respondent claimed that he had forgotten the Pennsylvania requirements concerning perfection of service. A Pennsylvania attorney subsequently informed Whiting that the complaint had not been served and that she had no genuine likelihood of prevailing in the suit.

{¶ 7} The panel concluded that respondent's conduct in the Pennsylvania case violated DR 1-102(A)(4), 1-102(A)(5), 6-101(A)(1) (handling a legal matter that he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it), 6-101(A)(3) (neglecting a legal matter entrusted to him), 7-101(A)(2) (failing to carry out a contract of employment entered into with a client for professional services), and 7-101(A)(3) (prejudicing or damaging his client during the course of the professional relationship).

{¶ 8} The panel additionally found that in September 1991, Linda Williams retained respondent to represent her in the purchase of property located in Cleveland. Lester Collins, the owner of the property, resided in a nursing home, and respondent was to prepare a deed and check with the probate court to determine whether Collins was under a guardianship. After respondent assured Williams that Collins was not under a guardianship, Williams paid off the existing mortgage and obtained possession of the property. She then made substantial improvements to the premises and used it as a rental property.

{¶ 9} After Collins died, his estate brought a legal action against Williams for concealment of assets. Collins had actually been under a guardianship at the time of the sale and did not have the capacity to sell the property. Respondent claimed that he had relied on erroneous information from the probate court clerk's

office to conclude that Collins was not under a guardianship when he advised Williams. Although he realized that he was under suspension, respondent represented Williams in the ensuing probate court litigation. Williams discharged him in September 1995.

{¶ 10} The panel concluded that respondent's conduct in the probate matter violated DR 6-101(A)(2) (handling a legal matter without adequate preparation), 3-101(B) (practicing law in a jurisdiction where to do so would violate the regulations of the profession in that jurisdiction), and Gov.Bar R. V(8) (practicing law while under suspension).

{¶ 11} In mitigation, relator's counsel noted that respondent is a Vietnam War veteran suffering from post-traumatic stress syndrome, that he had battled alcoholism, and that he had gone through a divorce. As part of the court's previous suspension, respondent entered into the Ohio Lawyers Assistance Program, Inc. ("OLAP") in May 1994 to treat his alcohol dependence and emotional problems. Relator found that Sterling had fully complied with the court's previous conditions of the 1994 Gov.Bar R. V suspension. He also obtained over ninety hours of CLE credit in the year before the panel hearing. Relator's counsel advised the panel that respondent had been a respected adversary for over twenty years and that respondent had fully cooperated with relator in the disciplinary proceeding. Relator informed the panel that an indefinite suspension would be an appropriate sanction. The panel agreed with relator, noted that respondent "could be a credit to the profession," and recommended an indefinite suspension from the practice of law.

{¶ 12} The board adopted the panel's findings, and recommended that respondent be indefinitely suspended from the practice of law and that he comply with OLAP requirements as a condition for his reinstatement.

_____

*Hennenberg & Brown* and *Michael C. Hennenberg*; and *James Flaherty*, for relator.

*Howard T. Sterling*, *pro se*.

––––––––––––––––––

***Per Curiam.***

{¶ 13} Upon review of the record, we adopt the findings, conclusions, and recommendation of the board. We hereby indefinitely suspend respondent from the practice of law in Ohio and order that he comply with OLAP requirements as a condition of his reinstatement. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––